LOUIS LEWIN, Plaintiff, Respondent, *v.* CERUSSI CONTRACTING Co., INC., Defendant, Appellant.

Supreme Court, Appellate Term, First Department, March, 1924.

**Landlord and tenant — deposit on lease — demand by tenant for deposit without justification where landlord's letter as to when apartment would be ready did not constitute warranty as to occupancy of apartment.**

There is no justification for the demand of a tenant for the return of a deposit where it appears that the lease provided " for the term of one year after the completion of the building;" that nine days before a certificate of occupancy was issued, the landlord advised the tenant by letter that the apartment " would be ready for occupancy October 1, 1923;" and that it was ready three days thereafter.

The landlord's letter did not constitute a warranty that the apartment would be fully completed on October first.

APPEAL by defendant from a judgment of the Municipal Court of the city of New York, borough of The Bronx, second district, after trial by the court without a jury.

*Max Miller,* for appellant.

*Simon Platt,* for respondent.

PROSKAUER, J. On September 13, 1923, plaintiff as tenant entered into a lease with defendant " for the term of one year after completion of building." On September twenty-fifth the defend-

ant advised the plaintiff that the apartment " would be ready for occupancy October 1st, 1923." The plaintiff inspected the apartment on September thirtieth and found an unimportant amount of work still required in the apartment. In fact a certificate of occupancy was issued by the superintendent of buildings on October fourth. The plaintiff summarily demanded the return of a deposit of sixty-two dollars, made with the defendant, and has recovered judgment therefor. The defendant counterclaims for the rent from October fourth to the end of the month of October. There was no justification for the tenant's demand. The landlord's. letter did not constitute a warranty that the apartment would be finally completed on October first and the delay of three days was inconsequential.

Judgment reversed, with thirty dollars costs, judgment directed for the defendant on the counterclaim for fifty-three dollars and thirty cents, with interest from October 4, 1923, and dismissing the complaint, with costs.

GUY and BURR, JJ., concur.

Judgment reversed.